## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DAMIEN CHRISTOPHER HAYES,**

> **Plaintiff,**

**VS.**                                                    **Case No. 4:16cv28-MW/CAS**

**DR. FRANCIS ONG, et al.,**

> **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendant Dr. Francis Ong filed a motion to dismiss the complaint for failure to state a claim.  ECF No. 24.  Pro se Plaintiff Damien Hayes was advised of his obligation to file a response in opposition to the motion pursuant to N.D. Fla. Loc. R. 7.1(C)(1).  ECF No. 27.  Plaintiff filed his opposition on July 25, 2016, ECF No. 44, and the motion is ready for a ruling.

**Relevant Allegations, ECF No. 1**

On September 21, 2013, Mr. Hayes fell and injured his right hand. ECF No. 1 at 4.  Mr. Hayes was taken to medical, examined by a nurse, and given an ice pack and Ibuprofen for what was considered to be "a

possible fracture." *Id.* A notation was made for "immediate clinician notification," which Mr. Hayes explains was a request for evaluation by a physician. *Id.* Mr. Hayes was not evaluated for four days, but when finally seen, x-rays were ordered by the examining physician. *Id.* X-rays were "post-poned" but eventually taken on September 26, 2013. *Id.* at 4-5. The result was "a fractured fifth metacarpal in his right hand." *Id.* at 5. "Nurse Heuler and Dr. Bucarelli submitted an urgent/emergency medical consultation to Dr. Ong for further treatment." *Id.* Mr. Hayes reports that no further medical treatment was provided and he was provided only Ibuprofen and ice for his "severe pain." *Id.*

Mr. Hayes returned to the medical department on October 3, 2013, seeking additional pain medication. ECF No. 1 at 5. Because he had still not seen Dr. Ong, the nurse said she would sent another "urgent" request. That request also "went unresponded to by Dr. Ong." *Id.*

Mr. Hayes went to sick call on October 15, 2013, continuing to complain of pain. *Id.* at 6. He filed grievances concerning the lack of medical care for his injury. *Id.* No care from Dr. Ong was forthcoming. *Id.* at 6-7. Mr. Hayes was informed that nothing further could be done until requests were approved. *Id.* at 7.

Case No. 4:16cv28-MW/CAS

By December 5, 2013, Dr. Delacerna ordered another x-ray of Mr. Hayes' hand which revealed the same fracture still existed.  *Id.* at 8. Yet another "urgent/emergency consultation" request was sent to Dr. Ong on December 12, 2013, but "ignored."  *Id.*  Mr. Hayes alleged that four medical consults which were labeled "urgent/emergency" went without a response from Dr. Ong.  *Id.* at 8.  Finally, after a fifth urgent request was made to Dr. Ong, Mr. Hayes was evaluated by Dr. Ong.  *Id.* at 9.  The evaluation occurred on February 19, 2014.  *Id.*  Dr. Ong determined that the fracture had healed, but left Mr. Hayes with "post-traumatic osteoarthritis" and "permanent injury."  *Id.*  Mr. Hayes claimed that Dr. Ong's refusal to examine and treat him was "gross negligence" and resulted in permanent injury which could have been prevented if treatment had not been delayed.  *Id.*

**Motion to Dismiss, ECF No. 24**

Dr. Ong argues that the complaint "fails to set forth facts sufficient to establish that" Mr. Hayes' injury was "an 'objectively serious medical need' so grave that 'if left unattended, poses a substantial risk of serious harm.'" ECF No. 24 at 2.  It is also argued that the complaint "fails to demonstrate, factually, that Dr. Ong had subjective knowledge of a risk of serious harm"

to Mr. Hayes.  *Id.*  Finally, Dr. Ong contends the complaint "fails to allege

facts to establish that the alleged delay in treatment caused" Mr. Hayes

injury.  *Id.*

## Standard of Review

The issue on whether a complaint should be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon

which relief can be granted is whether the plaintiff has alleged enough

plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the

standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868

(2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1]  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the

---

[1] The complaint's allegations must be accepted as true when ruling on a motion
to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert.
denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at

556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th

Cir. 2010).

The pleading standard is not heightened, but flexible, in line with Rule

8's command to simply give fair notice to the defendant of the plaintiff's

claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534

U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Pro se complaints are

held to less stringent standards than those drafted by an attorney. Wright

v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner,

404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).

Nevertheless, a complaint must provide sufficient notice of the claim and

the grounds upon which it rests so that a "largely groundless claim" does

not proceed through discovery and "take up the time of a number of other

people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125

S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

The requirements of Rule 8 do "not unlock the doors of discovery for a

plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-

79, 129 S.Ct. at 1949. A complaint does not need detailed factual

allegations to survive a motion to dismiss, but Rule 8 "demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S.
at 678, 129 S.Ct. at 1949. "[C]onclusory allegations, unwarranted factual
deductions or legal conclusions masquerading as facts will not prevent
dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir.
2003).

**Analysis**

The Eighth Amendment governs the conditions under which
convicted prisoners are confined and the treatment they receive while in
prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128
L.Ed.2d 811 (1994). Although comfortable prisons are not required,
inhumane ones are prohibited. *Id.* The Eighth Amendment guarantees
that prisoners will not be "deprive[d] ... of the minimal civilized measure of
life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.
2392, 2399, 69 L.Ed.2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d
1278, 1289 (11th Cir. 2004)). "[B]asic human necessities include food,
clothing, shelter, sanitation, medical care, and personal safety." Harris v.
Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v.
Homestead Corr. Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977)).  Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm."  Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Deliberate indifference requires a plaintiff to show that a named defendant unnecessarily and wantonly inflicted pain or harm to a prisoner by depriving

him of a basic human need.  Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  "The inadvertent or negligent failure to provide adequate medical care 'cannot be said to constitute 'an unnecessary and wanton infliction of pain.'"  Estelle, 429 U.S. at 105-06, 97 S.Ct. 285 (quoted in Farrow, 320 F.3d at 1243).

In a claim for the denial of medical care, a plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001); Farrow, 320 F.3d at 1243. Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence."  Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

In this case, Dr. Ong does not acknowledge that Mr. Hayes had an "objectively serious medical need."  ECF No. 24 at 8.  However, a serious medical need may be shown either by a physician's diagnosis "as

mandating treatment" or by one "that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hill</u>, 40 F.3d at 1187 (quoted in <u>Farrow</u>, 320 F.3d at 1243).  Here, Mr. Hayes alleged that numerous medical staff recognized the need for treatment by submitting "urgent" and "emergency medical consultation" requests to Dr. Ong.  Furthermore, Mr. Hayes argues that as a surgeon, Dr. Ong is "expected to know the existent possibility of long-term injuries being able to manifest by allowing broken bones to heal unchecked."  ECF No. 44 at 5. If that were not enough, a lay person can easily see the need for a doctor's attention for a broken finger, and Mr. Hayes alleged that the nurse "determined" he had a "possible fracture" on September 21, 2013. Moreover, well established case law requires finding that a broken bone is a "serious medical need" and that even a "few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference."  <u>Harris v. Coweta Cty.</u>, 21 F.3d 388, 393–94 (11th Cir. 1994).  Mr. Hayes had a serious medical need.

Dr. Ong next asserts that Mr. Hayes' "allegations do not plausibly suggest Dr. Ong acted with deliberate indifference."  *Id.* at 7.  Dr. Ong claims there are no allegations asserting "when, if ever, Dr. Ong actually

received the recommendation for consult." *Id.* at 8.  Although the complaint does not clarify when Dr. Ong received the recommendations, it does allege that four or five requests were sent to Dr. Ong.  A logical inference is that one request might have been misplaced, not properly routed, or lost, but four or five requests are too much.  The inference which must be given in favor of Mr. Hayes is that by refusing to respond to repeated requests for urgent and emergency care, Dr. Ong was deliberately indifferent.  *See* Harris, 21 F.3d at 394 (finding that "deliberate indifference could be inferred from an unexplained delay in treating a known or obvious serious medical condition" and citing Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990)).

"A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness."  McElligott, 182 F.3d at 1257.  The Eleventh Circuit estahlished in Brown v. Hughes, that delay of a few hours in treating an inmate's broken foot violated the Eighth Amendment and was a constitutionally cognizable injury.  McElligott, 182 F.3d at 1257 (citing

Brown, 894 F.2d at 1538-39).  Additionally, well established law provides

that "an official acts with deliberate indifference when he knows that an

inmate is in serious need of medical care, but he fails or refuses to obtain

medical treatment for the inmate."  Lancaster v. Monroe Cnty., 116 F.3d

1419, 1425 (11th Cir. 1997).  Although the reason for delay in providing

medical care for serious medical needs is "relevant in determining what

type of delay is constitutionally intolerable," it remains that a substantial

delay in treatment suffices to show deliberate indifference.  McElligott, 182

F.3d at 1255 (quoted in Farrow, 320 F.3d at 1246).  Here, Dr. Ong did not

examine Mr. Hayes until "152 days after" the injury.  ECF No. 44 at 8.  That

amount of delay is sufficient to state a claim and survive a motion to

dismiss.

Dr. Ong challenges that he lacked "the ability to control the transport

of prisoners who have been recommended for consult."  ECF No. 24 at 8.

Although that may be true, it does not explain why multiple requests to

Dr. Ong went unanswered.  It was also suggested that the complaint

acknowledged that Corizon or its representative, Mr. Winfree, approved

medical consults and controls the course of treatment.  *Id.*  Yet, the

complaint indicated that Mr. Winfree was not involved until more than 100

days has passed during which "Dr. Ong was unresponsive to (4) medical consults that read urgent/emergency."  ECF No. 1 at 8.

To the degree Dr. Ong argues that the allegations amount to only a disagreement on the medical care provided, ECF No. 24 at 9, that argument is rejected.  The complaint alleged that treatment was delayed, not provided.  Finally, Dr. Ong suggests that Mr. Hayes' medical needs did not go "unattended" because Mr. Hayes was examined and treated by other medical personnel.  *Id.* at 9-10.  The complaint alleged that other medical personnel saw Mr. Hayes, but provided only "minimal and ultimately ineffective" care while awaiting a response from Dr. Ong. Furthermore, the fact that a nurse rendered care to a prisoner does not absolve a doctor from refusing to do so, especially when care is delayed for days because "no physician [was] available to evaluate or diagnose" Mr. Hayes' injury.  ECF No. 1 at 4.  The motion to dismiss, ECF No. 24, filed by Dr. Francis Ong should be denied and Dr. Ong required to respond to the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 24, filed by Dr. Ong be **DENIED**, that Dr. Ong

be required to respond to the complaint, and that this case be **REMANDED**

for further proceedings.

     **IN CHAMBERS** at Tallahassee, Florida, on October 12, 2016.


      S/     Charles A. Stampelos
     **CHARLES A. STAMPELOS**
     **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

     **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**